**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MORGAN & MORGAN, P.A.<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TRUMP PANAMA HOTEL MANAGEMENT LLC, and TRUMP INTERNATIONAL HOTELS MANAGEMENT, LLC,<br><br>　　　　　　　Defendants. | No. _____<br><br>(Removed from Del. Ch., C.A. No. 2018-0031-JRS) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 9 U.S.C. §§ 205, 302 and 28 U.S.C. § 1446, the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware.[1] Pursuant to 28 U.S.C. § 1441 and 9 U.S.C. §§ 205, 302, this Court has original jurisdiction over the Action under 28 U.S.C. § 1331 and 9 U.S.C. §§ 202, 302. As grounds for removal, the Removing Defendants state as follows:

1.　　　This Court has subject matter jurisdiction over the Action because the action falls under the auspices of the United Nation's Convention on the Recognition of Foreign Arbitral Awards ("New York Convention") and the Inter-American Convention on International Commercial Arbitration ("Panama Convention"), which are codified into federal law at Chapters 2 and 3 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, respectively, as it concerns foreign

---

[1] The Removing Defendants appear for the purpose of removal only and for no other purpose, and do not waive, and expressly preserve, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue and arbitrability.

commercial arbitrations.  As such, this Action is deemed to arise under the laws and treaties of the United States pursuant to 9 U.S.C. §§ 203, 302.

## PROCEDURAL HISTORY AND BACKGROUND

2.  On or about January 16, 2018, Plaintiff filed a Verified Complaint to Enjoin Arbitration (the "Complaint") in the Court of Chancery of the State of Delaware, captioned, *Morgan & Morgan, P.A. v. Trump Panama Hotel Management, LLC, et al.*, C.A. No. 2018-0031.

3.  On or about January 18, 2018, each of the Removing Defendants received via their registered agent the Summons, Verified Complaint to Enjoin Arbitration, its Exhibits, Plaintiff's Motion for Expedited Proceedings, [Proposed] Order Granting Plaintiff's Motion for Expedited Proceedings, Plaintiff's Motion for Preliminary Injunction, [Proposed] Order Granting Plaintiff's Motion for Preliminary Injunction, and Plaintiff's Opening Brief in Support of its Motion for Preliminary Injunction and Motion for Expedited Proceedings.

4.  In accordance with 28 U.S.C. § 1446(a), copies of process, pleadings and orders in the Action are appended hereto as **Exhibit A**.

5.  The Complaint arises out of an international arbitration pending since on or about October 14, 2017 before the International Chamber of Commerce ("ICC"), captioned *Hotel TOC, Inc. v. Trump Panama Hotel Management LLC, et al.*, No. 23149/MK. The arbitration hearing is to be held in Panama.  Plaintiff herein, Morgan & Morgan, is a Panamanian law firm. On or about December 4, 2017 the Removing Defendants filed with the ICC their Request for Joinder of Plaintiff, among others, under Article 7 of the ICC Rules.  Accordingly, the arbitration against Plaintiff Morgan & Morgan herein began on December 4, 2017, because "the date on which the Request for Joinder is received by the Secretariat shall, for all purposes, be deemed to

be the date of the commencement of the arbitration against the additional party." Article 7, ICC Arbitration Rules.  This international arbitration concerns unlawful wrongs undertaken in Panama by Hotel TOC, Inc. (Claimant in the arbitration) and additional parties, including Plaintiff, named in the ICC arbitration which, *inter alia*, conspired to wrongfully oust the Removing Defendants as managers of the property.

6. Plaintiff served as Panamanian counsel to Panama entities that orchestrated the tortious and improper attempts on Panama soil to oust the Removing Defendants.  In that capacity, Plaintiff made misrepresentations in Panama to owners of hotel units at the hotel in Panama and actively participated in a scheme to wrest management of the property from the Removing Defendants.

7. The Removing Defendants' time to respond to the Complaint by answer or motion to dismiss has not expired, and no defendant has yet served or filed an answer or motion in response to the Complaint.

8. Because the Removing Defendants filed this Notice of Removal before the trial of the Action, removal is timely under 9 U.S.C. §§ 205, 302.  *See Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 158 (3d Cir. 2000).

**FEDERAL JURISDICTION EXISTS UNDER THE FEDERAL ARBITRATION ACT**

9. Chapters 2 and 3 of the Federal Arbitration Act provide for federal subject matter jurisdiction over actions concerning commercial arbitrations or commercial arbitration agreements arising under the auspices of the New York or Panama Conventions, as well as the removal of such actions originally filed in state court.

10. Pursuant to 9 U.S.C. §§ 202, 305, "an arbitration agreement. . . arising out of a legal relationship, *whether contractual or not*, which is considered as commercial" falls under the New York or Panama conventions, respectively. (emphasis added).

11. Pursuant to 9 U.S.C. § 205, 305:

> Where the subject matter of an action or proceeding pending in a State court *relates to an arbitration agreement or award falling under the Convention*, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

(emphasis added).

12. First, the agreement to arbitrate squarely falls within the New York and Panama Conventions because it is commercial in nature, involves international parties and concerns international property. Panama, the location of the arbitration hearing as well as the country in which the property and all other parties are located, is a signatory to both the New York and Panama Conventions. The Action seeks relief with respect to an international arbitration currently pending before the International Chamber of Commerce, which is indisputably a commercial arbitration, and which concerns the management of a hotel property in Panama and actions by various tortfeasors – including Plaintiff – undertaken in Panama and relating thereto. The requirements of the New York and Panama Conventions concerning this arbitration are satisfied, as the arbitration is not entirely between citizens of the United States (the Removing Defendants are the *only* U.S. citizens in the arbitration), concerns property abroad and contemplates performance abroad. *See* 9 U.S.C. §§ 2, 202. The hearing location for the arbitration is Panama City, Panama.

13. Second, the arbitration was commenced by clients of Plaintiff pursuant to a written agreement, the Hotel Management Agreement, which provides, in relevant part:

all disputes, controversies, claims or disagreements arising out of or relating to the Agreement (singularly, a "Dispute", and collectively, "Disputes") shall be resolved in the following manner . . . Either Party may submit the Dispute to the International Chamber of Commerce for binding arbitration under then existing ICC Commercial Arbitration Rules.

14. In the arbitration, the Removing Defendants have asserted that Plaintiff is lawfully subject to Joinder in the arbitration under the provisions of the Hotel Management Agreement given, among other things, Plaintiff's status as an agent of parties bound in arbitration, as well as its active participation and undertaking of tortious acts in Panama in the fraudulent scheme of joint tortfeasors joined in arbitration.

15. In this Action, Plaintiff seeks a declaration that it is not subject to the international arbitration and a corresponding injunction against the Removing Defendants enjoining them from prosecuting the international arbitration against Plaintiff.  Compl. ¶¶ 31, 37.

16. The standard for demonstrating removal jurisdiction under the Federal Arbitration Act is "a lenient one." *Amato v. KPMG LLP*, 433 F. Supp. 2d 460, 477 (M.D. Pa. 2006), *reconsidered and vacated in part on reconsideration on other grounds* 2006 WL 2376245 (M.D. Pa. Aug. 14, 2006).  The Federal Arbitration Act's use of "'relates to' generally conveys a sense of breadth" and is an "'easy' removal standard." *Id*. (citing *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002)); *accord Silec Cable S.A.S. v. Alcoa Fjardaal, SF,* No. CIV 12-01392, 2012 WL 5906535, at *7 (W.D. Pa. Nov. 26, 2012); *Reid v. Doe Run Resources Corp.*, 701 F.3d 840 (8th Cir. 2012); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133 (9th Cir. 2011).

17. A "district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.  As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of this case.  This is all that is required to meet the low bar of 'relates to.'" *Amato*, 433 F. Supp. 2d at 477.

18. Indeed, the Third Circuit has endorsed the *Beiser* holding with respect to the ease of removal under § 205. In *Century Indemnity Company v. Certain Underwriters at Lloyd's, London*, the Third Circuit affirmed the ruling of the Eastern District of Pennsylvania denying plaintiff's motion to remand a case removed pursuant to 9 U.S.C. § 205 (and subsequently arbitrated), which relied on the *Beiser* standard. 584 F.3d 513, 520 (3d Cir. 2009) (citing *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, No. 05-CV-6004, 2006 WL 6667385, at *1 (E.D. Pa. May 18, 2006)).

19. Accordingly, federal subject matter jurisdiction unquestionably exists over this Action and removal is appropriate pursuant to 9 U.S.C. §§ 205, 302.

## CONCLUSION

20. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

21. Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notification of Filing of Notice of Removal with the clerk of the Court of Chancery of the State of Delaware, in accordance with 28 U.S.C. § 1446(d).

Dated:   January 18, 2018
         Wilmington, Delaware

|  |  |
|---|---|
| | Respectfully submitted, |
| | PRICKETT, JONES & ELLIOTT, P.A. |
| OF COUNSEL: | |
| | By: */s/ Bruce E. Jameson* |
| Todd E. Soloway | Bruce E. Jameson (DE Bar No. 2931) |
| Perry M. Amsellem | John G. Day (DE Bar No. 6023) |
| Brian T. Mohler | 1310 King Street |
| Marion R. Harris | Wilmington, Delaware 19801 |
| PRYOR CASHMAN LLP | (302) 888-6500 |
| 7 Times Square | BEJameson@prickett.com |
| New York, NY 10036 | JGDay@prickett.com |
| (212) 421-4100 | |
| | *Attorneys for Defendants* |